Judge Davidge
delivered the opinion of the Court.*
THIS was an action of debt, brought on the follow-. jng obligation; ‘‘ I, Thomas Lewis, do bind myself, my heirs, &c. to pay David Bagby one hundred and sixty? six dollars and two thirds of a dollar, in twelvemonths, with legal interest from this day; or let said Bagby have 250 acres of the land I purchased of John Fowler, in the county of Campbell, if said Bagby thinks proper to take the land at the same price I got it of said Fowler; and said Bagby is to take his recourse on Fowler, if the land should he lost, and not on me. The land is to be of equal quality, let it be better or worse than what I keep myself; the odds will be.addedor reduced off of the price of what I gave for it. Qiyen qnder my *77 batid and seal, this 20th October, 1815.’' Signed, Thomas Lewis.
Hoolaration.
p]-a ver[tic( and’motion' for new trial overruled,
t w;p n0(; re_ verse, on the s,'.stiiiiied'°by the inferior °°urt wa-s evijenoo where there w!ls m>y evi" tain ii.
Bllt wiiore the verdict is for the party o^V^^ban* di lay, and evidence did not prove ^ssar^to*10" maintain his plea,, nor which the^’u ry could have inferred ' ^ Gainst law. & maybe ed by this theopinionof the inferior oourt.
*77 i. he declaration sets out the obligation, and then proceeds: “And the plaintiff in fact avers, that he did not think proper to take the 250 acres of the land that the said Thomas Lewis purchased of John Fowler, in Campbell county, at the same price that he, the said-Lewis, got it of Fowler; and that the said Thomas Lewis had not, nor had the said John Fowler, at the time he, the said Thomas Lewis, executed and delivered the writing obligatory aforesaid, or at any time since, a title to the said tract of land, which he, the said Thomas Lewis, purchased of the said John Fowler. Yet the said Thomas Lewis, in his lifetime,” &c. con-, eluding in the usual form.
The defendant pleaded payment, with leave to avail herself of any evidence which would be admissible under any legal special plea in bar; and upon the trial, the jury found a verdict for the defendant. The plaintiff moved for a new trial, on the grounds, 1st, that the verdict was against evidence; and 2d, because the verdict was contrary law; which was overruled by the court, and the plaintiff has prosecuted this writ of error.
The only question presented for the determination of this court, grows out of the opinion of the court below in refusing to grant a new trial.
As to the first reason assigned, that the verdict is against evidence, suffice it to remark, that courts possessing a revising power have long since been accustomed to pay great deference to the finding of juries, and have seldom disturbed verdicts, merely because they were contrary to evidence; and our predecessors, by a long train of adjudications, have manifested their determination not to set aside verdicts on slight grounds, on the allegation that they were contrary to evidence, and a respect for their decisions would in*duce us not to grant a new trial because we entertained a different opinion oí the evidence irorn the jury that found the verdict.
But whether a verdict which is manifestly contrary to law, ought not to be set aside, is a different question, and merits consideration. If a person gives an obligation for the payment of a sum of money, or for the con-vcyance of a tract of land, he thereby obliges himself to. pay the money in the one ca.se, and make a title *78 the land in the other; and if he is sued on his obliga» ^or ^10 Paymen<: of the money or title for the land, and á jury should ünd a verdict for him, without his showing the payment of‘the money or the conveyance for the land, it would seem to be a verdict against law.
To maintain the defence under the plea of payment, with leave to give special mat-d°>n ÍU to* a declaration* on an obligation for the moneyQorOÍ conveyance of land, it is nroveS!tiiet0 payment of the money or that some ^ rance wasSU given for the land.
Where the evidence m conduces5to prove neither payment nor mncoldrThe land, aver- ^ gjlnstiaw, & refusal of the inferior court error*11*'165
*78 does the present case stand? The obligation *s for the payment of $166. 2-3, or to let the plaintiff have 25.0 acres of land, if he thought proper to take it. ^ea’ payment, with leave for the defendant to avail herself of any evidence which would be admissible under any legal special plea in bar. Now, there is not 0ne tittle of evidence, as we conceive, that goes to s^ow' that the money was actually paid, or from which jury could reasonably infer it; and there is as little „ pretence that the defendant made any title for the land, N® could only legally have let the plaintiff have the land, by executing some written conveyance or assur-anee, and there is no evidence, of such, or any tact Provec^ Rom which the jury could fairly presume it; and yet, without proof of the payment of the money, or.evidence of any written assurance for the land, by deed- or otherwise, the jury have found a verdict for the. , c , , < J defendant.
The plea admits the obligation, and throws thebur^en P1’00^ on the defendant. The facts given in evidence do not support the plea, nor make out a legal bar. If this be not a verdict contrary to law,.we are at a loss to say what would be.
But *t *s contended for the defendant, that-there is some evidence in the case, and that, therefore, the verdict of the jury ought not to be disturbed. Evi» dence of what? True it is, that the depositions in the case speak of the land being laid, off, plaintiff’s pos-, session, taxes paid, and two payments made by plaintiff . für t[-,e )anc¡. js this any evidence to prove the payment of $166 2-3 to the plaintiff? or does it conduce^ to prove the payment of one cent to him?- or is it any' proof of a conveyance or written assurance of title to the land? or does it conduce to. pr-ove it? And how, then, agreeably to the settled law of this country, could the defendant let the plaintiff have the 250 acres of land? Surely, if one person agrees to let another have, a certain tract of land, for a sum of money or other valuable consideration, the former must execute to the latter the necessary writing, to. secure the title to tb>. land.
Where there is leave to |jatterPfaevi-donee, under a general is-evidence m must be such ^aT forma]jy ’ pleaded,
Bibb, for plaintiff; Depew and Crittenden, for defendant.
But suppose every fact that has been proved by the de-lend'ant, had formed a separate special plea, would either of them, or all of them, hayo been a bar to the plaintiff’s right to recover? It is presumed not. Let us suppose, further, that any part of the facts, or the whole of them, had been combined in one special plea drawn in legal form; would it have constituted a legal defence? We apprehend not; but, on the contrary, vvould have been adjudged insufficient oh demurrer. And if an issue had been taken on a part or the whole of the facts, it would have been an immaterial issue.
The defendant, by special leave, had only a right to give in evidence, what, if specially pleaded, would be a legal bar to the plaintiff’s action; and if we are right in our view of the case, nothing that has been given in evidence by the defendant, if specially pleaded, would have constituted a legal bar.
That a verdict may be set aside because it is contrary to law, is a familiar doctrine in all the books (hat treat on the subject of new trials. Did the evidence in this case conduce to prove the payment of the debt, or a conveyance by the obligor, of the land, we should not be disposed to disturb the opinionof the court below. The great object of granting new trials, is. the attainment of the justice of the case. Lord Mansfield, 1 Burr. 54. We think justice has not been done.
Judgment reversed with costs.

 Absent, Ch. J. Barry.